NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1891
_____

LENICK CONSTRUCTION, INC.,
                                        Appellant

v.

SELECTIVE WAY INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-02701)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 20, 2018

Before: SMITH, *Chief Judge*, HARDIMAN, and ROTH,
*Circuit Judges*.

(Opinion Filed: June 6, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Lenick Construction, Inc. appeals a summary judgment in favor of Selective Way Insurance Company on Lenick's declaratory judgment action for insurance coverage. The District Court held that Selective had no duty to defend or indemnify Lenick in state-court litigation that arose out of problems experienced by a condominium development in South Philadelphia. We will affirm.

I

The dispute underlying this coverage action began between The Villas at Packer Park Condominium Association and various entities collectively referred to as Westrum. Westrum was hired as the general contractor for the 92-unit development, and it subcontracted with Lenick to perform rough and finish carpentry and to install paneling, windows, and doors provided by the developer. Upon completion of the project, it was discovered that some units experienced water infiltration, leaks, and cracked drywall.

In February 2013, the Villas sued Westrum in the Philadelphia County Court of Common Pleas, alleging contract and warranty claims. Westrum impleaded Lenick (and others), asserting claims for breach of contract and indemnification.

Soon after it had been joined as a defendant, Lenick notified its insurer (Selective) of the claims, stating that the commercial general liability (CGL) policy in effect when the defects were discovered entitled Lenick to defense and indemnification. Selective initially denied Lenick's request, but eventually agreed to defend Lenick, subject to a reservation of rights.

In response to Selective's reservation of rights letter, Lenick filed an action in the Court of Common Pleas seeking a declaration that Selective was obliged to defend and indemnify Lenick. After Selective removed the action to federal court, the parties filed cross-motions for summary judgment regarding Selective's duty to defend, and Selective also filed a motion for summary judgment on its duty to indemnify. For its part, Lenick sought reimbursement for fees that it incurred in the time period between its demand for a defense and Selective's agreement to provide one. The District Court concluded that the allegations against Lenick were not covered under its CGL policy, so Selective had no duty either to defend or indemnify Lenick. Lenick timely appealed.

## II[1]

Under Pennsylvania law, we decide whether a duty to defend exists by first reviewing the language of the insurance policy to determine when it provides coverage, and then examining the complaint against the insured to ascertain whether its allegations "constitute the type of instances that will trigger coverage."[2] *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896–97 (Pa. 2006). "If the complaint filed against the insured avers facts which would support a recovery that is covered by the policy, it is the duty of the insurer to defend until such time as the claim is confined to a recovery that the policy does not cover." *Erie Ins. Exch. v. Transamerica*

---

[1] The District court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over summary judgments. *Specialty Surfaces Int'l, Inc. v. Cont'l Cas. Co.*, 609 F.3d 223, 229 n.1 (3d Cir. 2010).

[2] The pleadings relevant to our review include the Villas' original complaint against Westrum, various amended complaints filed by the Villas against the defendant subcontractors, and the original and amended versions of the joinder complaints.

3

*Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987) (citation omitted). We liberally construe and accept as true all factual allegations against the insured, *Nationwide Mut. Ins. Co. v. CPB Int'l, Inc.*, 562 F.3d 591, 595–96 (3d Cir. 2009), but we may not stray outside the four corners of the complaint against the insured or consider extrinsic evidence, *Kvaerner*, 908 A.2d at 896. Instead, "an insurer's duty to defend and indemnify [is] determined *solely* from the language of the complaint *against the insured.*" *Id.* (emphasis added); *State Farm Fire & Cas. Co. v. DeCoster*, 67 A.3d 40, 45–46 (Pa. Super. Ct. 2013).

In this case, Lenick's CGL policy insured it against bodily injury and property damage caused by an "occurrence," which an endorsement to the policy defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Supp. App. 175. Lenick contends that the pleadings established occurrences under Pennsylvania law in three ways: (1) the damage occurred to areas of the property on which Lenick did not work, (2) the damage was caused by work performed by other subcontractors, and (3) the damage was caused by defects in the materials that Lenick used rather than by its own faulty workmanship. Selective counters that Lenick's liability arises from its own faulty workmanship, which is not covered as an occurrence under the policy.

With respect to its first argument, Lenick acknowledges that the Pennsylvania Supreme Court held in *Kvaerner Metals v. Commercial Union Insurance* that there is no occurrence when the complaint "avers only property damage from poor workmanship to the work product itself." 908 A.2d at 900. Lenick emphasizes that the various complaints identify leaks, water infiltration, and cracked drywall, which were unrelated to Lenick's

4

work. Lenick argues that, if presented with this question, the Pennsylvania Supreme Court would find that "consequential damages beyond the work itself[] are 'occurrences' under CGL policies." Lenick Br. 27 (emphasis omitted). We disagree. As we said in *Specialty Surfaces International v. Continental Casualty*: "damages that are a reasonably foreseeable result of the faulty workmanship are . . . not covered," even when such damage occurs to areas outside the work provided by the insured. 609 F.3d 223, 239 (3d Cir. 2010) (citing *Millers Capital Ins. Co. v. Gambone Bros. Dev. Co.*, 941 A.2d 706, 713–14 (Pa. Super. Ct. 2007)). Because the Supreme Court of Pennsylvania has not subsequently issued a contrary opinion, we must follow the determination of the *Specialty Surfaces* panel. *See id.* at 231; *see also Debiec v. Cabot Corp.*, 352 F.3d 117, 131 (3d Cir. 2003) (noting that this court will adhere to previous decisions "in the absence of a clear statement by the Pennsylvania Supreme Court to the contrary or other persuasive evidence of a change in Pennsylvania law" (citation omitted)).

Lenick's second argument—that the faulty workmanship of others led to the later failure of Lenick's own work—is similarly unavailing. Though Lenick cites two affidavits to support this argument, we examine only the underlying complaints for the factual allegations made against Lenick. *Kvaerner*, 908 A.2d at 896; *DeCoster*, 67 A.3d at 45–46. As noted by the District Court, though the various complaints assert that others may be liable for the property damage, "they do not allege that Lenick should be held liable (in negligence or under any other theory) for the faulty products or poor workmanship of others. Lenick's *own faulty workmanship* is the only legal theory under which *Lenick*, as opposed to other contractors or subcontractors, could be found liable."

5

*Lenick Constr., Inc. v. Selective Way Ins. Co.*, 2016 WL 1161571, at \*5 (E.D. Pa. Mar. 23, 2016) (first emphasis added). We perceive no error in the District Court's conclusion regarding this issue.

Finally, Lenick's contention that the property damage was caused by defects in the materials provided to it by the developer also lacks support in the pleadings. Here again, Lenick points only to extrinsic evidence to support this argument. Because the pleadings do not contain allegations sufficient to support a claim that the windows, doors, and/or panels used by Lenick "actively malfunctioned, directly and proximately causing" the property damage to the project, this argument fails. *Indalex Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 83 A.3d 418, 424 (Pa. Super. Ct. 2013) (quoting *Erie Ins. Exch. v. Abbott Furnace Co.*, 972 A.2d 1232, 1238 (Pa. Super. Ct. 2009)).[3]

III

For the reasons stated, we will affirm the District Court's summary judgment.

---

[3] Because the duty to defend is broader than the duty to indemnify, Lenick's claim for indemnification also fails. *See Kvaerner*, 908 A.2d at 896 n.7. Its argument that Selective acted in bad faith fails because it has presented no evidence that Selective "did not have a reasonable basis for denying benefits under the policy and that [it] knew of or recklessly disregarded its lack of reasonable basis." *Grossi v. Travelers Personal Ins. Co.*, 79 A.3d 1141, 1148 (Pa. Super. Ct. 2013) (citation omitted).